UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRAIG WILSON | CIVIL ACTION |
| VERSUS | NO: 10-1514 |
| KEVIN GROS OFFSHORE, INC. | SECTION: "J”(2) |

**ORDER AND REASONS**

Before the Court are Defendant’s **Motion for Partial Summary Judgment on Maintenance and Cure (Rec. Doc. 10)** and Plaintiff’s **Memorandum in Opposition (Rec. Doc. 22)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff was employed by Defendant as an oiler/deck hand aboard the vessel M/V KEVIN GROS (“Kevin Gros”). On September 27, 2009, Plaintiff alleges that he was walking in the engine room of the vessel carrying a five-gallon bucket of lube oil when the deck plating gave way and he fell through to the bilge floor underneath. As a result of the fall, Plaintiff alleges that he sustained injuries to his lower back and right knee. On May 19, 2010, Plaintiff sued Defendant for maintenance and cure and for damages under the Jones Act, pursuant to 46 U.S.C. § 688, as well as damages caused by the vessel’s unseaworthiness. Defendant has filed the instant Motion for Partial Summary Judgment on Maintenance and Cure (Rec. Doc. 10) and asks this Court to rule that Plaintiff is not entitled to maintenance and cure or punitive damages as a matter of law.

**THE PARTIES' ARGUMENTS**

In its Motion for Partial Summary Judgment on Maintenance and Cure (Rec. Doc. 10), Defendant argues that Plaintiff is not entitled to maintenance and cure or punitive damages as a matter of law. Defendant asserts the McCorpen defense against Plaintiff's claims. This well-known defense against maintenance and cure claims was set forth by the Fifth Circuit Court of Appeals in the seminal case of McCorpen v. Central Gulf S.S. Corp., 396 F.2d 547 (5th Cir. 1968), in which the Fifth Circuit held that an employer is relieved of its obligation to pay maintenance and cure "where the shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired . . . ." Id. at 549. To establish the McCorpen defense, an employer must show that (1) the seaman intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the seaman; and (3) a causal link exists between the withheld information and the injury that is the subject of the complaint. Id. at 548–49. Defendant argues that it is entitled to assert the McCorpen defense because Plaintiff intentionally concealed a prior back injury on a pre-employment medical questionnaire, Defendant would not have hired Plaintiff if it had known of this prior injury, and there is a

causal link between Plaintiff's prior back injury and his current injury that is the subject of his complaint against Defendant. Moreover, Plaintiff is not entitled to punitive damages because he cannot show that he is entitled to maintenance and cure, a necessary pre-requisite for recovering punitive damages.

In his Memorandum in Opposition (Rec. Doc. 22), Plaintiff argues that this Court should deny Defendant's motion because genuine issues of material fact exist as to whether Defendant can assert the McCorpen defense against Plaintiff's maintenance and cure claim. Plaintiff presents facts to indicate that his misrepresentation of his alleged prior back injury was only a misunderstanding, that Defendant would likely have hired him even if it had known of his alleged prior injury because of Plaintiff's positive employment reviews, and that there is no causal link between the alleged prior injury and the current injury that is the subject of Plaintiff's complaint.

**DISCUSSION**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific

material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

In this case, the Court finds that Defendant, the moving party, has not met is burden of proof because genuine issues of material fact exist as to whether Defendant is entitled to assert the McCorpen defense against Plaintiff's maintenance and cure claim. Genuine issues of material fact exist regarding whether Plaintiff intentionally concealed his alleged prior injury, whether Defendant would have still hired Plaintiff if it had known of his alleged prior injury, and whether there is a causal link between the alleged prior injury and the injury that is the subject of Plaintiff's current claim. Because there are genuine issues of material fact regarding whether Defendant is entitled to assert the McCorpen defense, there are also genuine issues of material fact regarding whether Plaintiff is entitled to punitive damages.

Accordingly, **IT IS ORDERED** that Defendant's **Motion for Partial Summary Judgment on Maintenance and Cure (Rec. Doc. 10)** is **DENIED.**

New Orleans, Louisiana, this 11th day of January, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE